**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000189**
**14-FEB-2023**
**07:54 AM**
**Dkt. 114 MO**

NO. CAAP-17-0000189


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


PARADISE ON THE BEACH, LLC, a Hawaii limited liability company,
Plaintiff-Appellant v. DAVE A. YESTER; ROBERT NORTON MORAN;
JUDITH A. MORAN; HAWAIIAN ELECTRIC COMPANY, INC., a Hawaii
corporation; HAWAIIAN TELCOM, INC., a Hawaii corporation;
PAUKAUILA STREAM CONDOMINIUM; BANK OF AMERICA, N.A.; MANITHAY
THAMMATHINO ESPINOSA; JOE THAMMATHINO; KHAMMANH
THAMMATHINO; KHANTHAVY THAMMATHINO; and DOES 1-20,
Defendants-Appellees, and VICTORIAN ISLAND PROPERTIES, LLC,
Intervenor-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0331-02)


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Nakasone and Chan, JJ.)

This case arises from a dispute between the parties regarding the interpretation of a "Perpetual Easement" recorded on March 22, 1991, in the Bureau of Conveyances of the State of Hawaiʻi (**Bureau of Conveyances**) as document No. 91-037344 (**1991 Easement**) which concerns four parcels, Parcels 6, 7, 11, and 30 located in Waialua, Hawaiʻi. The parcels relevant to this appeal are the servient parcels, Parcel 6 and Parcel 30 owned by Plaintiff-Appellant Paradise on the Beach, LLC (**Paradise**), and one of the dominant parcels, Parcel 11 on which Defendant-Appellee Paukauila Stream Condominium (**Paukauila**) is located. This appeal does not concern Parcel 7.

Paradise appeals from the "Final Judgment" entered on December 29, 2016, by the Circuit Court of the First Circuit (**Circuit Court**) entering judgment pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b) in favor of Intervenor-Appellee Federal National Mortgage Association (**Fannie Mae**)[1] and against Paradise on all claims asserted against Fannie Mae's interests in Parcel 11.  The Final Judgment determined that the 1991 Easement in favor of the dominant property Parcel 11, and burdening the servient properties Parcels 6 and 30, is a valid and enforceable easement.[2]  In this appeal, Paradise challenges the Final Judgment and the "Order Granting Intervenor Federal National Mortgage Association's Motion for Summary Judgement" (**Order Granting MSJ**) entered on December 29, 2016.

On appeal, Paradise contends the Circuit Court erred in: (1) recognizing Parcel 30 as being a servient tenement to the easement in favor of Parcel 11; (2) failing to specifically identify that the easement in favor of Paukauila and Fannie Mae is "Roadway A"; (3) refusing to clarify that the easement in favor of Paukauila and Fannie Mae does not include the "Undesignated Roadway" located on Parcel 30; and (4) attaching a map as Exhibit A to the Order Granting MSJ without referring to the exhibit or explaining the contents therein.[3]

---

[1] After Paradise filed this appeal and after the briefing on appeal was completed, Fannie Mae filed a "Motion for Substitution of Real Party in Interest" requesting that Victorian Island Properties, LLC (**Victorian Island**) be substituted in as a party for Fannie Mae.  On October 21, 2022, this court entered an "Order Granting Motion for Substitution of Real Party in Interest," substituting Victorian Island in place of Fannie Mae in this case.  Because Fannie Mae was the intervening party in the Circuit Court proceedings and throughout briefing in this appeal, we refer to Fannie Mae when discussing the Circuit Court proceedings and the briefs filed on appeal.

[2] The Honorable Jeannette H. Castagnetti presided.

[3] Paradise's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 in that it does not contain a table of authorities, and does not contain a statement of related cases or append a copy of the judgment, order, or decision relevant to any point on appeal. Fannie Mae, citing Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 909 P.2d 553 (1995), argues that Paradise's failure to conform to HRAP Rule 28 is a sufficient basis to affirm the judgment of the Circuit Court.  However, as the
(continued...)

We resolve Paradise's points as follows and affirm.

### I. Background

In 1991, then owners of Parcels 6 and 30, Isaac V. Cerezo, Celeste P. Cerezo, Pete D. Lacuesta and Jaine B. Lacuesta, as Grantors, executed the 1991 Easement with then owners of Parcels 7 and 11, Defendants-Appellees Robert N. Moran (**Moran**) and Dave A. Yester (**Yester**), as Grantees.  The 1991 Easement, provided, in pertinent part:

> WHEREAS, Grantor is the fee owner of that certain contiguous lands situate at Paalaa-Kai, Waialua, Oahu, Hawaii, being <u>Land Commission Award 8422:2 to Kahananui, Land Commission Award 2746 to Namakaohao, portion of Land Commission Award 7713:34 to V. Kamamalu [Parcel 6],</u>[4] and <u>Land Commission Award 8826:1 to Kalalealea, comprising all of Tax Map Key 1-6-6-18: Parcel 30</u>, as outlined in red color on the map attached hereto and made a part hereof as Exhibit "A"; and,
>
> WHEREAS, Grantee is the fee owner of <u>Land Commission Award 8825:2 to Kalawaia, Tax Map Key 1-6-6-18: Parcel 11</u>, and Land Commission Award 10728:2 to Paakai for Kuikekala, Tax Map Key 1-6-6-18: Parcel 7, as outlined in green color on said Exhibit "A"; and,
>
> WHEREAS, Grantee desires to obtain a perpetual easement for road and utility purposes over and under the existing gravel road identified as Roadway A shaded yellow on said Exhibit "A" for the benefit and use of Grantee's said Land Commission Award 8825:2 [Parcel 11], and also a perpetual easement for road and utility purposes over and under said Roadway A and the existing dirt road identified as Roadway B and shaded blue on said Exhibit "A" for the benefit and use

---

³(...continued)
Hawaiʻi Supreme Court explained, "noncompliance with [HRAP] Rule 28 does not always result in dismissal of the claims, and this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." <u>Marvin v. Pflueger</u>, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (internal quotation marks, brackets, ellipsis and citation omitted).  Therefore, we address the merits of Paradise's arguments where possible.

To the extent that Paradise fails to provide any discernable argument regarding its fourth point of error, that the Circuit Court erred in attaching the Exhibit A map to the Order Granting MSJ without referring to it or explaining the contents, the point is deemed waived. <u>See</u> HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

⁴  In support of its summary judgment motion, Fannie Mae attached the Deed conveying Parcel 6 to Paradise, as Grantee, recorded in the Bureau of Conveyances on October 31, 2005, which described that Parcel 6, is comprised of, *inter alia*, Land Commission Award 8422, apana 2 to Kahanonui, Land Commission Award 2746 to Namakaohao, and Land commission Award 7713, apana 34 to V. Kamamalu.

of Grantee's said Land Commission Award 10728:2 [Parcel 7][.]

. . . .

NOW THEREFORE, in consideration of the premises and other valuable consideration paid to the Grantor, the receipt of which is hereby acknowledged, the Grantor does hereby grant, bargain, sell and convey unto the Grantee as Tenants in Common:

FIRST: A perpetual nonexclusive easement for road ingress and egress and utility purposes <u>over, across and under said Roadway A</u>, twelve (12) feet wide, providing access to Waialua Beach Road, a public road, appurtenant to and <u>for the benefit and use of said Land Commission Award 8825:2 [Parcel 11] shown on said Exhibit "A"</u>.

. . . .

(Emphases added.)  The map attached as Exhibit A to the 1991 Easement shows "Roadway A" is labeled within Parcel 6, and a connected road marked as "Roadway" is labeled within Parcel 30.[5]

In 2005, then owners of Parcels 6 and 30 conveyed both parcels to Paradise via two deeds recorded in the Bureau of Conveyances.

In 2006, Parcel 11 was converted into a condominium property regime as Paukauila Stream Condominium, which consists of nine (9) units.  Fannie Mae was allowed to intervene in this case based on its ownership interest in one of the units.

On February 14, 2011, Paradise initiated this action by filing a "Complaint: (1) to Quiet Title, (2) for Declaratory Relief, and (3) for Injunctive Relief" (**Complaint**), against, *inter alia*, Paukauila and owners of Paukauila units.  Paradise

---

[5]  Although the 1991 Easement indicates that the attached map was color coded, Paradise represented to the Circuit Court that "[t]he original version of the Easement on file with the Bureau [of Conveyances] was microfilmed and then destroyed, and as the microfilm is in black and white, it is impossible to identify the physical location of either 'Roadway A' or 'Roadway B,' because none of the color-coding designated in the Easement Map is identifiable."

In support of its summary judgment motion, Fannie Mae submitted the 1991 Easement and the Easement map attached thereto as Exhibit A, as well as an Exhibit 1-A, which was the Easement map with a transparent overlay identifying the land commission awards and which outlined in different colors Parcels 6, 11 and 30.  Paradise did not object or contest any of these exhibits.

alleged three counts relevant to Parcel 11 and the interests of Paukauila and Paukauila unit owners.  Specifically, Paradise asserted a quiet title claim, alleging the "Declaration of Condominium Property Regime" for Paukauila recorded in the Bureau of Conveyances on May 18, 2006, as Document No. 2006-094092 (**Paukauila Declaration**), and the First Amendment to the Paukauila Declaration are defective because they "purport to grant access to Roadway A, located within Parcel 6, where there is no legal right to do so" and expands the usage of Roadway A beyond the scope of the 1991 Easement to include multiple future owners of the condominium units.

Paradise also requested declaratory relief that the 1991 Easement be amended to correctly reflect the easement rights because "[t]here is currently no useage of any part of Parcel 30 pursuant to the [1991] Easement, for the benefit of Parcel 11" and "Roadway A is located entirely within Parcel 6, but the [1991] Easement erroneously identifies the servient tenement as Parcel 30[.]"  Finally, Paradise requested injunctive relief that Yester, or any subsequent owner(s) of any part of Parcel 11, be ordered to reasonably maintain Roadway A or to share in the costs thereof, and cease using Roadway A outside the scope of the original agreement, including, the "regular traversing of large construction vehicles and the use of Roadway A for access to all of the multiple future owners of the nine (9) condominium units located on Parcel 11[.]"

On December 10, 2015, Fannie Mae moved to intervene in the proceedings asserting that it was the owner of one of the condominiums in Paukauila.  On February 19, 2016, the Circuit Court entered the "Order Granting [Fannie Mae's] Motion to Intervene".

On May 11, 2016, Fannie Mae filed a motion for summary judgment (**Fannie Mae's MSJ**) asserting that the 1991 Easement, in favor of dominant property Parcel 11, burdens the servient properties Parcels 6 and 30, and is valid as a matter of law. Fannie Mae further asserted that the map attached to the 1991

5

Easement shows the easement "as a horseshoe and marked as 'Roadway' and 'Roadway A'".  In support of its motion, Fannie Mae attached, *inter alia*, the 1991 Easement (which included the Easement map), an Easement map with "a transparency overlay identifying the [1991 Easement's] land commission awards," deeds for Parcel 6 and Parcel 30, and the Paukauila Declaration.

On September 16, 2016, Fannie Mae filed a "Reply Memorandum in Support of its Motion for Summary Judgment" stating, "[i]n spite of two courtesy calls made on September 14 and 15, 2016 inquiring of Plaintiff [Paradise's] memorandum in opposition to Fannie Mae's Motion which was due on September 13, 2016, none was filed."  On September 16, 2016, instead of an opposition to Fannie Mae's MSJ, Paradise filed a "Statement of Position Re: [Fannie Mae's MSJ]" (**Statement of Position**).  In the Statement of Position, Paradise indicated that the additional relief sought in its Complaint had not been addressed by Fannie Mae's MSJ and thus could not be resolved and that there were unresolved issues with the Paukauila Declaration because it did not describe "Roadway C", incorrectly asserts a connection between Parcel 11 and Roadway B, and expands the easement over Roadway A to nine parties instead of just one, without notice to or permission from the owner of the servient tenement and without the reciprocal obligation to maintain the easement.  Paradise concluded in the Statement of Position that it

> "is again clarifying that (i) the location of said access way [to Parcel 11] (i.e., over Roadway A alone), (ii) the extent of said access (whether only one or more of the unit owners may be permitted to use Roadway A and for what purposes), and (iii) the duties associated with said easement, require clarification and reformation of the [1991 Easement].  However, because the [Fannie Mae] MSJ does not appear to seek a determination on these issues, [Paradise] does not oppose it."

Paradise did not file any declarations or attach any exhibits with its Statement of Position.

## II. Discussion

Paradise focuses its appeal on challenging the Circuit Court's ruling that Parcel 30 is a servient property to Parcel 11

and in asserting the Circuit Court should have clarified that the easement in favor of Parcel 11 does not include what Paradise refers to as the "undesignated roadway" located on Parcel 30.[6]

We review a circuit court's grant or denial of summary judgment *de novo*.  Anastasi v. Fid. Nat'l Title Ins. Co., 137 Hawaiʻi 104, 112, 366 P.3d 160, 168 (2016).  It is well settled that:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together, with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom, in the light most favorable to the party opposing the motion.

Id. (brackets and citations omitted).

The Hawaiʻi Supreme Court has explained the burden shifting paradigm for summary judgment where the non-movant bears the burden of proof at trial as follows:

> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.
>
> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.
>
> Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law.

---

[6]  There is no dispute that Parcel 6 is a servient parcel for the benefit of Parcel 11 and that, under the 1991 Easement, Roadway A located on Parcel 6 is an easement that benefits Parcel 11.

Ralston v. Yim, 129 Hawaiʻi 46, 56-57, 292 P.3d 1276, 1286-87
(2013) (quoting French v. Hawaiʻi Pizza Hut, Inc., 105 Hawaiʻi
462, 470, 99 P.3d 1046, 1054 (2004)).  Moreover, "a summary
judgment movant may satisfy his or her initial burden of
production by either (1) presenting evidence negating an element
of the non-movant's claim, or (2) demonstrating that the
nonmovant will be unable to carry his or her burden of proof at
trial." Id. at 60, 292 P.3d at 1290 (citation omitted).

　　　　　Here, in support of its Motion for Summary Judgment,
Fannie Mae attached, *inter alia*, the 1991 Easement, the deed to
Parcel 30 recorded in the Bureau of Conveyances on October 31,
2005, as Document No. 2005-221621, and the Paukauila Declaration.
The 1991 Easement states in pertinent part,

> WHEREAS, Grantor is the fee owner of that certain contiguous
> lands situate at Paalaa-Kai, Waialua, Oahu, Hawaii, being .
> . . Land Commission Award 8826:1 to Kalalealea, comprising
> all of Tax Map Key 1-6-6-18: Parcel 30, as outlined in red
> color on the map attached hereto and made a part hereof as
> Exhibit "A";

　　　　　Contrary to Paradise's argument on appeal that the 1991
Easement "does not reflect any intent or actual grant of an
easement over the Undesignated Roadway or Parcel 30, in favor of
Parcel 11[,]" the 1991 Easement specifically identifies Parcel
30.

　　　　　Moreover, the deed to Parcel 30 also reflects that an
easement encumbers the property and states, in pertinent part,

> SUBJECT, HOWEVER, TO THE FOLLOWING:
>
> . . . .
>
>> 4. A Grant of Easement for road and utility purposes
>> over and under the existing gravel road identified as
>> roadway A, and the existing dirt road identified as
>> Roadway B, as shown on the map attached thereto, in
>> favor of Land Commission Award 8825:2, [Parcel 11] as
>> to both Roadways A and B, and in favor of Land
>> Commission Award 10728:2, as to Roadway B only,
>> recorded March 22, 1991 as Regular System Document No.
>> 91-037344 of Official Records.

(Emphasis added.)

　　　　　As noted above, Fannie Mae asserted in its summary
judgment motion that the easement in favor of Parcel 11 was shown

on the Easement map as "a horseshoe and marked as 'Roadway' and 'Roadway A'". In essence, this argument asserts that the "Roadway" designated within Parcel 30 is part of "Roadway A". Through the exhibits submitted in conjunction with the summary judgment motion, including our reading of the 1991 Easement as a whole, Fannie Mae satisfied its initial burden as the movant to show that there were no genuine issues of material fact that the 1991 Easement established a perpetual easement over Parcel 30 in favor of Parcel 11.

The burden thus shifted to Paradise as the non-movant to show that there were genuine issues of material fact on this issue. See Ralston, 129 Hawaiʻi at 56-57, 292 P.3d at 1286-87. However, Paradise did not submit an opposition to the summary judgment motion and did not submit any evidence.

Rather, as noted above, it filed an untimely Statement of Position. In the Statement of Position, Paradise stated that,

> It is Plaintiffs understanding that [Fannie Mae]'s MSJ seeks a determination that an "express" easement exists in favor of Parcel 11 ("Parcel 11" or the "Paukauila Stream Condominium Parcel") along "Roadway A" only (see [Fannie Mae]'s MSJ at 11), over Plaintiffs properties (i.e., Parcels 6 **and 30**) for ingress, egress, and utility access based on the Perpetual Roadway Easement instrument attached as Exhibit 1 to [Fannie Mae]'s MSJ (the "Easement Instrument"). See [Fannie Mae]'s MSJ at 6. Plaintiff does not dispute that basic assertion; i.e., that an easement in favor of Parcel 11 (and its owner(s)) exists over the Roadway A identified in the recorded Easement Instrument. In fact, Plaintiff has never disputed that, at a minimum, a prescriptive easement in favor of Parcel 11 exists over Roadway A. Therefore, and to that extent, Plaintiff does not oppose [Fannie Mae]'s MSJ seeking that the court make such a determination.

(Emphases omitted) (emphases added).

Inexplicably, despite acknowledging that Fannie Mae's MSJ asserted an express easement in favor of Parcel 11 over Parcel 6 and Parcel 30, Paradise did not refute or otherwise address Fannie Mae's argument that an easement exists over both parcels based on the 1991 Easement and was reflected on the deeds for Parcels 6 and 30. Paradise also did not refute Fannie Mae's assertion that Roadway A as indicated in the 1991 Easement should

be considered a continuous "horseshoe" shaped road which includes the road marked "Roadway" on Parcel 30.

Instead, at the hearing on Fannie Mae's MSJ, Paradise's counsel conceded Fannie Mae established that "all of the servient parcels were included as grantors under the easement" through the documents it submitted in support of its motion.  Additionally, although Paradise claims on appeal that it believed Fannie Mae's MSJ mistakenly asserted that Parcel 30 is also burdened by the 1991 Easement in favor of Parcel 11, Paradise failed to timely raise this issue before the Circuit Court.

Rather, the transcript from the summary judgment hearing shows that Paradise's counsel conceded multiple times that the 1991 Easement burdened both Parcels 6 and 30 in favor of Parcel 11, and that Paradise did not object to Fannie Mae's MSJ and agreed with the relief that Fannie Mae sought.  For example, at the September 21, 2016 hearing on Fannie Mae's MSJ, Paradise's counsel reiterated that there were other concerns with the 1991 Easement but nonetheless stated that Paradise did not oppose Fannie Mae's MSJ and the Circuit Court granted Fannie Mae's MSJ as follows:

> MR. ROSEN: But as to -- there's a lot of other things going on here, Your Honor. And we have gone over some of that in our position statement. This motion doesn't address those. Those issues may be questions of law that the Court can address.
>
> THE COURT: Nobody's asking me to address those as questions of law, Mr. Rosen.
>
> MR. ROSEN: Your Honor --
>
> THE COURT: I'm being asked to rule on a motion for summary judgment --
>
> MR. ROSEN: Right.
>
> THE COURT: -- that's in writing, that you had ample notice of. And so are you opposing what -- the relief that they're requesting, or not? Because it's in their conclusion specifically as to what they're requesting judgment in their favor on, page 11.
>
> MR. ROSEN: That the -- well, the perpetual easement -- what we think we're talking about is Roadway A, Your Honor, and that it's -- it grants an easement to Parcel 11 over Parcel 6 and 30, through Roadway A. Yes, we do not dispute that.

It's specifically said there, through Roadway A. We don't dispute that.

. . . .

MR. ROSEN: Your Honor, I apologize, because I thought that the position statement was very clear, and I even put it in bold.

But on page 11, what is being sought by Fannie Mae's motion is the existence of a valid and enforceable perpetual easement for road and utility purposes from Waialua Beach Road to Parcel 11, over Parcel 6 and 30, through Roadway A. And it also says Roadway A encumbers these land commission awards and is also located over Parcel 6 and 30. We're not disputing that, Your Honor. We agree.

We agree that Ms. Ching has proven, through what she submitted, that, in fact, all of the servient parcels were included as grantors under the easement. We appreciate that they've done that work.

And we don't dispute -- I mean, even if this didn't -- even if she hadn't proved that, there would still be an easement by prescription over my client's parcels to Parcel 11. We've never disputed that, Your Honor.

What we're saying is that there are other defects in the easement that need to be addressed. We're not saying that they shouldn't have access to their property. We agree with that. And we do not oppose the Court granting that relief that's set forth in the conclusion.

Now, just as an aside, Your Honor, Roadway B doesn't exist. It -- it's not accessible. It's not a dirt road or -- it doesn't exist. It's not being used by anyone, including the Thammathinos right now. It doesn't exist. And for 20 years, nobody's used that. That's an issue for another day.

THE COURT: Then why are you bringing it up?

MR. ROSEN: I'm not, except --

THE COURT: You are, because you just did.

MR. ROSEN: Well, Your Honor, Ms. Ching just raised that, that this also includes Roadway B. But it can't. It simply can't because Roadway B isn't -- isn't giving access to Parcel 11. It gives access to nothing. That's a question of fact, Your Honor. But it wasn't addressed in the motion, and so we haven't introduced any declaration.

Your Honor, we're agreeing with the relief they're seeking. I'm not sure why there's any dissidence to that.

THE COURT: Well, I think it's because you submitted a position statement that appears to have some argument in opposition to what they were asking. And whether you wanted clarity or what have you, but as I read your position statement, which was filed on Friday, it did appear to have some argument in opposition or you were parsing something out.

But to the extent you're opposing any portion of the motion, then there should have been some sort of affidavit or -- you know. You know the standard on a motion for summary judgment. It can be denied if there's general [sic] issues of material fact. You're not disputing any of the factual issues that have been raised by Fannie Mae. So then, therefore, the motion for summary judgment should be granted.

MR. ROSEN: I -- <u>I agree that it should be granted</u>.

THE COURT: All right.

MR. ROSEN: <u>What we were seeking to do was just clarify what it doesn't seek, the issues it doesn't resolve</u>.

THE COURT: Relating to Roadway B –-

MR. ROSEN: Well –-

THE COURT: -- and whatever other defects you think exist. <u>But you didn't put any admissible evidence before the Court as to any defects you think exist in the perpetual easement</u>.

MR. ROSEN: <u>Because we're not opposing the motion, Your Honor</u>.

THE COURT: All right.

MR. ROSEN: <u>And as the relief is set forth as to Roadway A being an easement over Parcel 6 and 30, again, Your Honor, we -- we agree. We now agree. We don't dispute that</u>.

THE COURT: Okay. So there's no objection to the Court granting summary judgment in Fannie Mae's favor, <u>confirming that the validity and enforceability of the easement as it relates to Parcel 6, 30, and 11, as there's no general [sic] issue of material fact that the perpetual easement is valid and enforceable, expressly granting a perpetual easement for road and utility purposes from Waialua Beach Road to Parcel 11 over Parcel 6 and 30 through Roadway A</u>?

MR. ROSEN: <u>That's correct</u>.

THE COURT: All right. Your motion for summary judgment, therefore, is granted, as requested in your motion.

(Emphases added.)

Therefore, not only did Paradise fail to oppose Fannie Mae's MSJ, Paradise agreed with Fannie Mae that it was entitled to summary judgment and that the 1991 Easement was valid and enforceable as to Parcels 6 and 30 in favor of Parcel 11.

On appeal, Paradise does not point to any evidence raising genuine issues of material fact.  As discussed above, Fannie Mae met its burden under the summary judgment standard,

and further, Paradise conceded in the Circuit Court that Fannie Mae's summary judgment motion should be granted.  Therefore, the Circuit Court properly granted summary judgment in favor of Fannie Mae.

### III. Conclusion

Based on the forgoing, we affirm the "Order Granting Intervenor Federal National Mortgage Association's Motion for Summary Judgment" and the "Final Judgment," both entered on December 29, 2016, by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, February 14, 2023.

On the briefs:                        /s/ Lisa M. Ginoza
                                      Chief Judge
David B. Rosen,
for Plaintiff-Appellant               /s/ Karen T. Nakasone
Paradise on the Beach, LLC            Associate Judge

Stanford M.J. Manuia,                 /s/ Derrick H.M. Chan
for Defendants-Appellees              Associate Judge
Manithay Thammathino Espinosa,
Joe Thammathino, Khammanh
Thammathino and Khanthavy
Thammathino

Steven M. Nagata,
for Defendant-Appellee
Hawaiian Electric Company,
Inc.

Jade Lynne Ching,
Kanoelani S. Kane,
for Intervenor-Appellee
VICTORIAN ISLAND PROPERTIES,
LLC